***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in a Pretrial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The issues to determined by the Full Commission are as follows:
 a) Whether the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act?
 b) Whether plaintiff sustained an injury by accident while in the course and scope of his employment with defendant-employer?
 c) If so, what workers' compensation benefits is plaintiff entitled to receive?
 d) If it is determined that defendant was subject to and bound by the provisions of the North Carolina Workers' Compensation Act, should sanctions be imposed against defendant for his failure to obtain and maintain workers' compensation insurance?
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing in this matter, plaintiff was fifty-one (51) years old. Plaintiff completed the 8th grade and started the 9th grade; however, he participated in special education classes while in school. Plaintiff can read and write very little.
2. Plaintiff had been employed by defendant since 1985 as a mechanic. Defendant was in the business of buying and selling motor vehicles.
3. On July 6, 1998 and for a substantial period of time prior to that, defendant employed plaintiff as a mechanic, BJ as a detailer, Dora in the office and Eddie Watson and John as salesmen.
4. On July 6, 1998, plaintiff was test driving a vehicle that he was repairing and while doing so the vehicle was struck in the rear by another vehicle causing plaintiff to sustain a compensable work-related injury by accident. Plaintiff suffered injuries to his neck and left arm, dizziness and blurred vision as a result of his injury by accident.
5. Plaintiff first sought and received medical treatment from Carteret General Hospital on July 6, 1998. Plaintiff's condition was diagnosed as cervical strain. Thereafter, plaintiff's condition continued to worsen and he received treatment from Drs. Ballenger, Hardy, Wentz, Grady and Majstoravich. The treatment plaintiff received for the treatment of his injuries was reasonable and necessary to effect a cure or give relief.
6. Plaintiff initially continued to work, but as his condition got worse it became more difficult for him to continue working. Plaintiff missed time from work due to headaches and other problems. Defendant fired plaintiff on September 19, 2000 for not coming to work the day before. The reason plaintiff did not report to work the prior day was because he had a bad headache. Plaintiff had called and told defendant that he would not be able to come to work due to his headache. Plaintiff has not worked since September 19, 2000 as a result of the problems associated with his injury by accident on July 6, 1998.
7. Dora G. Guthrie had been employed by defendant for nine (9) years at the time of plaintiff's injury by accident as the office manager. Ms. Guthrie testified that defendant regularly employed her, plaintiff, plaintiff's wife, Travis Lewis (BJ), Eddie Watson and another salesman on July 6, 1998 and prior to that date.
8. Ms. Guthrie also testified that plaintiff told her of his accident and that he thought that he was alright but that he sought and received medical treatment. Ms. Guthrie further testified that plaintiff's condition got worse and he was eventually given work restrictions that remained in effect at the time he was fired by defendant.
9. Defendant has not provided the Industrial Commission with a Form 22 Statement of Days Worked and Earnings of Injured Employee, nor was there any evidence as to what plaintiff's average weekly wage was at the time of his alleged injury by accident.
10. Defendant had three or more regularly working employees prior to and at the time of plaintiff's injury by accident. Defendant did not have any workers' compensation insurance in effect at the time of plaintiff's injury by accident.
11. Mabrey Smith was the owner of Mabrey Smith Motor Company and was responsible for obtaining and maintaining workers' compensation insurance for defendant-employer.
12. Defendant has engaged in stubborn and unfounded litigiousness during the course of defending this claim.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident while in the course and scope of his employment with defendant-employer on July 6, 1998 and he is entitled to receive benefits under the North Carolina Workers' Compensation Act. N.C.G.S. 97-2(6).
2. Plaintiff is entitled to receive total disability benefits from September 19, 2000 and continuing until he has returned to work or further order of the Industrial Commission. N.C.G.S. (97-29.
3. Plaintiff is entitled to payment of medical expenses incurred for the treatment of the injuries sustained and any further treatment that tends to effect a cure, give relief and/or lessen plaintiff's period of disability. N.C.G.S. (97-25.
4. As defendant has not provided the Industrial Commission with a Form 22 Statement of Days Worked and Earnings of Injured Employee, plaintiff's average weekly wage at the time of his injury by accident is deemed an amount sufficient to yield the maximum compensation rate in the year 1998 which was $532.00 per week. Plaintiff's average weekly wage will be adjusted by order of the Full Commission if and when defendant provides a correct Form 22 indicating what plaintiff's wages were at the time of his injury by accident. N.C.G.S. (97-2(5).
5. Defendant regularly employed three or more employees at the time of plaintiff's injury by accident and was therefore required to maintain workers' compensation insurance. Defendant failed to maintain workers compensation insurance and is subject to penalty for failure to do so. N.C.G.S. ((97-93, 97-94.
6. Plaintiff is entitled to have defendant pay his attorney's fees as the defendant has engaged in stubborn and unfounded litigiousness in the defense of this claim. N.C.G.S. (97-88.1.
7. Defendant is liable to pay the costs of this action as they have unsuccessfully appealed an award of benefits to plaintiff. N.C.G.S. (97-88.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay to plaintiff total disability benefits at the rate of $532.00 per week beginning September 19, 2000 and continuing until plaintiff has returned to work earning the same or greater wages as he was earning at the time of his injury or further order of the Industrial Commission. All accrued compensation shall be paid in one lump sum.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury by accident when bills for the same have been submitted to and approved by the Industrial Commission for so long as such evaluations, treatments, and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation approved and awarded for plaintiff is hereby approved for plaintiff's counsel. This attorney's fee shall not be deducted from the amount which has accrued and is currently due and payable to plaintiff and shall be paid directly to plaintiff's counsel. Following payment of attorney's fees that have accrued, defendant shall send plaintiff's counsel every fourth check due plaintiff.
4. Defendant shall pay the costs of this action including an additional $250 attorney's fee which shall be paid directly to plaintiff's counsel.
5. This matter shall be referred to the Fraud Section of the North Carolina Industrial Commission for an investigation as to defendant's failure to maintain workers' compensation insurance.
This the ___ day of August 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER